IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No.  06-cv-00634-ZLW-MJW

OPTINREALBIG.COM, LLC,

    Plaintiff,

v.

INFINITE MONKEYS & CO., LLC,
RONAL F. GUILMETTE, and
TIMOTHY J. WALTON,

    Defendants.

## ORDER

This matter is before the Court on Defendant Infinite Monkeys & Co., LLC's and Defendant Ronal Guilmette's (the Prevailing Defendants) Motion For Award Of Fees To Prevailing Defendants (Doc. No. 37).  The Court previously granted Prevailing Defendants' Motion To Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on September 13, 2006, after oral argument.

Prevailing Defendants are requesting attorney fees pursuant to Colo. Rev. Stat. § 13-17-201 (2006) which provides:

> [i]n all actions brought as a result of . . . an injury to . . . property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12 (b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action.  This section shall not

> apply if a motion under rule 12 (b) of the Colorado rules of civil procedure is treated as a motion for summary judgment and disposed of as provided in rule 56 of the Colorado rules of civil procedure.

Recovery of attorney fees under the Colorado statute is appropriate when the Court exercises diversity jurisdiction.[1]  "An award of attorney fees is mandatory when a trial court dismisses an action under C.R.C.P. 12(b)."[2]  "Section 13-17-201 expressly applies only to actions dismissed under Rule 12(b) of the [C.R.C.P.].  However . . . the statute applies with equal force when a federal court dismisses a pendent state tort pursuant to Fed. R. Civ. P. 12(b)(6)."[3]

Plaintiff first argues that since Prevailing Defendants included matters outside the pleading in their Motion to Dismiss, it was converted into a motion for summary judgment under Rule 56 which disables § 13-17-201 by its own terms.  Fed. R. Civ. P. 12(b) provides that when asserting a 12(b)(6) defense, if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ."  Plaintiff contends Prevailing Defendants presented to the Court matters outside the pleading by attaching

---

[1] See Boyd Rosene & Assocs., Inc. v. Kansas Mun. Gas Agency, 174 F.3d 1115, 1118 (10th Cir. 1999) ("attorney's fees are substantive for diversity purposes") (citation omitted).

[2] Wilson v. Meyer, 126 P.3d 276, 284 (Colo. Ct. App. 2005).

[3] Jones v. Denver Post Corp., 203 F.3d 748, 757 n.6 (10th Cir. 2000).  Fed. R. Civ. P. 12(b)(6) is identical to C.R.C.P. 12(b)(5).  Walker v. Van Laningham, 148 P.3d 391, 397 (Colo. Ct. App. 2006).

four exhibits to their Motion To Dismiss and four exhibits to their Reply In Support Of Motion To Dismiss.

All eight exhibits referenced by Plaintiff are court documents from a related case in the United States Bankruptcy Court for the District of Colorado. "[T]he general rule is that a court is permitted to take judicial notice of certain matters without converting a motion to dismiss to one for summary judgment."[4] The Court took judicial notice of these eight exhibits under Fed. R. Evid. 201 and, therefore, the Motion To Dismiss was not converted into a motion for summary judgment under Fed. R. Civ. P. 12(b).

Plaintiff also argues that Prevailing Defendants are not entitled to compensation for several tasks identified in their invoice. The Court agrees that the $150 in fees claimed for "revis[ing] fee agreement" on May 9, 2006, are not recoverable. With that exception, the Court finds that the tasks billed are subject to "reasonable attorney fees [for] defending the action,"[5] and that the fees claimed by Prevailing Defendants are reasonable. Accordingly, it is

ORDERED that Defendant's Motion For Award Of Fees To Prevailing Defendants (Doc. No. 37) is granted. It is

---

[4] Walker, at 397; see also Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991) ("[o]f course, [a court] may also consider matters of which judicial notice may be taken under Fed. R. Evid. 201").

[5] Colo. Rev. Stat. § 13-17-201 (2006).

FURTHER ORDERED that Prevailing Defendants are awarded attorney fees in the amount of $18,330.00.

DATED at Denver, Colorado, this   15   day of March, 2007.

BY THE COURT:

_____
ZITA L. WEINSHIENK,  Senior Judge
United States District Court